UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:17-mj-0028 JLT |
| *Plaintiff,* | ORDER DENYING REQUEST FOR TRAVEL |
| v. | |
| MATTHEW PAUL GUMZ, | |
| *Defendant.* | |

In this case, the defendant is charged with purposely killing an endangered species, a California condor, while hunting on federal land. Pending his trial, the Court released him on conditions including that his travel is restricted to the Central District of California[1], unless his travel is for work or to attend court. (Doc. 3)

His current request is that, despite the travel restriction, that the Court permit him to travel to Wyoming for a hunting trip. (Doc. 12) The trip will last nearly a month, from October 13 through November 11, 2017. Id. The Government opposes the request and argues that in light of the nature of the charges, the defendant has shown that he is not a responsible hunter and allowing him to travel for hunting purposes is inconsistent with his past conduct.[2] (Doc. 15 at 2)

On reply, the defendant argues that he has traveled outside of the Central District for

---

[1] The defendant lives within the boundaries of the Central District of California.
[2] The Court notes that, of course, the defendant has not been convicted of the offenses. Thus, it remains to be seen whether he is or is not a responsible hunter.

overnight travel for work purposes and has returned home each time. (Doc. 16 at 2) He argues that the Government's objection to his going hunting is irrelevant since there is no restriction on him engaging in hunting.[3]

The Court has several concerns. First, he is seeking to be permitted to leave the state for almost a month. (Doc. 12) He offers no explanation for why his trip must last a month except, apparently, that he wishes to have an extended leisure period. The length of the travel poses a significant risk that he will not return. The mere fact that his job has taken him on an overnight trip while he has been subject to the travel restriction and he dutifully returned, does not demonstrate that he will return to the state after a month's sojourn.

Second, despite the lack of a hunting restriction, the request to be permitted to leave the state for a month-long hunting trip causes the Court to question the defendant's judgment. To seek a month's excuse from the travel restriction to engage in a hunting trip of all things causes the Court to question how seriously the defendant is taking the pending charges. Even if the travel was for a mere vacation without any intention to hunt, the Court would have the same difficulty with the request. He is on release pending his trial ***on federal criminal charges***. A month-long vacation given his precarious situation—indeed, he is facing up to one year in jail if convicted of the charges in addition to a weighty financial penalty—smacks either of an inability to appreciate the seriousness of his circumstances or an unwillingness to do so. This, lack of humility in the face of these very serious charges causes the Court to question whether he fully understands his obligation to comply with the terms of his pretrial release.

Finally, the Court is concerned that the defendant waited until nearly the last minute to seek the Court's permission to take this trip. The defendant offers no explanation why he did not seek this permission earlier. Surely, a working person does not plan a month-long vacation a mere two weeks in advance and to seek the Court's permission so late raises the specter that he was intending to go without obtaining the Court's permission.

Because the duration of the trip is so long, because he seeks to take a month away from

---

[3] The defendant points out a possible flaw in the conditions of release. However, he is correct in stating that the Government did not seek a hunting restriction at the time the Court imposed order setting conditions.

the travel restriction for purposes of mere leisure and because he failed to seek permission to avoid the travel restriction in a timely fashion, the Court **ORDERS**:

    1.    The request to modify the travel restriction to allow the defendant to travel to Wyoming is **DENIED.**

IT IS SO ORDERED.

Dated:   **October 4, 2017**                  **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE